**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP COURTHOUSE**

| | |
|---|---|
| Nicholas Vaglica, individually and on behalf of all others similarly situated, | 2:22-cv-05730 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Reckitt Benckiser LLC, | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Reckitt Benckiser LLC ("Defendant") manufactures, markets, and sells laundry sanitizer marketed as able to "[K]ill[s] 99.9% of Bacteria" under the Lysol brand (the "Product").



2. The representation that the Product "[K]ill[s] 99.9% of Bacteria" in laundry is misleading for several reasons.

3. First, no credible and accepted studies on domestic laundry practices indicate that the spread of bacteria and/or infection from laundry is a potential risk of bacteria transmission.

4. Second, most Americans utilize hot water for washing clothes, with temperatures of 60 degrees Celsius or 140 degrees Fahrenheit.

5. The antimicrobial effect of laundering follows the principles introduced by H. Sinner, who concluded that a washing process is determined by the four variables of temperature, mechanical action, chemistry and time.

6. At hot and warm temperatures, the washing process inactivates microorganisms, accelerates the activation of detergents and facilitates the mechanical removal of soil and other particulates.

7. However, the front label of the Product fails to inform consumers that standard use of a washing machine at hot or warm temperatures is sufficient to achieve a reduction in 99.9% of bacteria.

8. This information is only indirectly disclosed on the back label, through the statements, "Works In Cold Water," and "When you wash your clothes in cold water, bacteria can survive."



9. By identifying the conditions of use as "In Cold Water" on the back, consumers who only see the front label will expect the Product can provide a meaningful benefit to them, even though they may already only use hot or warm water for laundry.

10. The "cold water" disclaimers are a tacit acknowledgement that for most consumers, who use hot or warm water, the Product provides no benefits beyond what they already receive from their water temperature and standard detergent.

11. Even the "cold water" disclaimers are misleading, because washing in cold water with detergent, followed by a normal drying cycle, reduces and minimizes any risk of bacteria survival to a negligible level.

12. No credible and accepted studies of domestic laundry practices indicate that the use of cold water and detergent are insufficient to eliminate bacteria such that adding the Product would provide any meaningful benefit.

13. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

14. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

15. Plaintiff paid more for the Product than he otherwise would have paid had he known the truth, or would not have bought the Product.

16. The Product is sold for a price premium compared to other similar products, no less than $4.99 for 90 oz, a higher price than they would otherwise be sold for, absent the misleading representations and omissions.

Jurisdiction and Venue

17. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C.

§ 1332(d)(2).

18. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

19. The aggregate amount in controversy exceeds $5 million, including sales, statutory and punitive damages, injunctive relief, and attorney's fees, exclusive of interest and costs.

20. Plaintiff Nicholas Vaglica is a citizen of New York.

21. Defendant Reckitt Benckiser LLC is a Delaware limited liability company with a principal place of business in Parsippany, Morris County, New Jersey,

22. Defendant's members are identified through public records as citizens of New Jersey.

23. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

24. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here for several years, from grocery stores, warehouse club stores, convenience stores, big box stores, and online in the States covered by Plaintiff's proposed classes.

25. Venue is in this District, and this action should be assigned to Central Islip, because a substantial part of the events or omissions giving rise to these claims occurred in Nassau County, including Plaintiff's purchase and use of the Product, exposure to and reliance on the representations, and his awareness that they were misleading

### Parties

26. Plaintiff Nicholas Vaglica is a citizen of Hicksville, New York, Nassau County.

27. Defendant Reckitt Benckiser LLC is a Delaware limited liability company with a principal place of business in Parsippany, New Jersey, Morris County.

28. Defendant is a leading seller of home cleaning products.

29. The Lysol brand is known worldwide for its ability to reduce bacteria and keep environments safe and hygienic.

30. Plaintiff bought the Product on one or more occasions within the statute of limitations for each cause of action alleged, at stores including Stop & Shop, 132 Fulton Ave, Hempstead, NY 11550, between April 2022 and July 2022, among other times.

31. Plaintiff bought the Product because he expected it provided a meaningful benefit in reduction of bacteria regardless of whether his laundry was washed in hot or cold water.

32. Plaintiff did not read the back label which alluded to its efficacy only in cold water washing.

33. Plaintiff is like most Americans who primarily use hot water for laundry.

34. Even if Plaintiff did read the back label mentioning cold water, he still would have been misled because no credible studies on domestic laundry practices show any potential risk of bacteria survival and transmission from cold water and detergent, sufficient for the Product to provide a meaningful benefit.

35. Plaintiff bought the Product at or exceeding the above-referenced price.

36. Plaintiff relied on the front label representations about how the Product kills 99.9% of bacteria without any reference to the water temperature used.

37. Plaintiff chose between Defendant's Product and other similar products which were represented similarly, but which did not misrepresent their attributes and/or lower-priced products which did not make the claims made by Defendant.

38. Plaintiff paid more for the Product than he would have, and the Product was worth less than what he paid and he would not have paid as much absent Defendant's false and

misleading statements and omissions.

## Class Allegations

39. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged; and

> **Consumer Fraud Multi-State Class**: All persons in the States of New Mexico, West Virginia, Iowa, Arkansas, Wyoming, Utah, Montana, Idaho and Alaska who purchased the Product during the statutes of limitations for each cause of action alleged.

40. Common questions of law or fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

41. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

42. Plaintiff is an adequate representative because his interests do not conflict with other members.

43. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

44. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

45. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

## New York General Business Law ("GBL") §§ 349 and 350

46. Plaintiff incorporates by reference all preceding paragraphs.

47. Plaintiff sought to purchase a product that would provide a meaningful benefit to

bacteria reduction in laundry, whether hot or cold water was used.

48. Given that the Product tacitly acknowledges its efficacy only in cold water, notwithstanding the other allegations that such claims were misleading, it failed to provide any benefit for Plaintiff that he did not already receive through using hot water and detergent.

49. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Violation of State Consumer Fraud Acts

50. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

51. Defendant intended that Plaintiff and each of the other members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

52. As a result of Defendant's use or employment of artifice, unfair or deceptive acts or business practices, Plaintiff, and each of the other members of the Consumer Fraud Multi-State Class, have sustained damages in an amount to be proven at trial.

## Breaches of Express Warranty, Implied Warranty of Merchantability/Fitness for a Particular Purpose and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

53. The Product was manufactured, labeled, and sold by Defendant and expressly and impliedly warranted to Plaintiff and class members that it provides a meaningful benefit in bacteria reduction regardless of whether it was used in hot or cold water.

54. Defendant directly marketed the Product to Plaintiff and consumers through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

55. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

56. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant it provided a meaningful benefit in bacteria reduction regardless of whether it was used in hot or cold water.

57. Defendant's representations affirmed and promised that the Product provided a meaningful benefit in bacteria reduction regardless of whether it was used in hot or cold water.

58. Defendant described the Product so Plaintiff and consumers believed it provided a meaningful benefit in bacteria reduction regardless of whether it was used in hot or cold water, which became part of the basis of the bargain that it would conform to its affirmations and promises.

59. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

60. This duty is based on Defendant's outsized role in the market for this type of product, the globally trusted Lysol brand, known for the highest-quality cleaning products.

61. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

62. Plaintiff provides or will provide notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

63. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

64. The Product did not conform to it affirmations of fact and promises due to Defendant's actions.

65. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it provided a meaningful benefit in bacteria reduction regardless of whether it was used in hot or cold water.

66. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because he expected it provided a meaningful benefit in bacteria reduction regardless of whether it was used in hot or cold water, and he relied on Defendant's skill and judgment to select or furnish such a suitable product.

67. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

68. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it provided a meaningful benefit in bacteria reduction regardless of whether it was used in hot or cold water.

69. The records Defendant is required to maintain, the information inconspicuously disclosed to consumers, and its internal surveys, provided it with actual and constructive knowledge of the falsity and deception.

### Unjust Enrichment

70. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory and/or punitive damages, interest, and restitution;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated: September 25, 2022

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

Kleinman LLC
Abraham Kleinman
626 RXR Plz
Uniondale NY 11556
(516) 522-2621
akleinman@kleinmanllc.com